UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JERRY J. MEEKS,

                    Plaintiff,

v.                                        Case No. 17-cv-604-pp

JUDY P. SMITH,

                    Defendant.

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON EXHAUSTION GROUNDS (DKT. NO. 25) AND DENYING PLAINTIFF'S MOTION FOR COUNSEL (DKT. NO. 30)**

The plaintiff, a state prisoner who is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that defendant Judy Smith violated his constitutional rights when she opened his legal mail outside of his presence. Dkt. No. 1.

On November 3, 2017, the defendant filed a motion for summary judgment, arguing that the court should dismiss the case because the plaintiff failed to exhaust the available administrative remedies before he filed his complaint. Dkt. No. 25. The plaintiff responded to the motion on February 13, 2018. Dkt. No. 30. In his response, the plaintiff asks the court to recruit a lawyer to represent him because he is mentally ill and heavily medicated, which causes his thinking to be disorganized. Id. The plaintiff also asserts that he exhausted his administrative remedies; he attaches more than sixty pages of documents as support. Dkt. No. 30-1. The plaintiff did not respond to the defendant's proposed findings of fact (dkt. no. 27), so, in deciding the

defendant's motion, the court assumes the plaintiff does not dispute those proposed facts. See Civ. L.R. 56(b)(4).

I.  **The Defendant's Motion for Summary Judgment on Exhaustion Grounds (Dkt. No. 25)**

   A. Relevant Facts

In his complaint, the plaintiff asserted that he received legal mail from: (1) "the courts" in Case No. 14-cv-850 (a case the plaintiff had pending before this court) on September 24, October 26, and November 23, 2015; (2) the Wisconsin Department of Justice on October 7, December 4, and December 9, 2015; and (3) the Office of Corporation Counsel for Winnebago County on January 19, 2016. Dkt. No. 1 at 1-2. The plaintiff further states that defendant Judy Smith, the warden at the plaintiff's institution, opened the mail outside of his presence. Id.

   1. *The Plaintiff's First Inmate Complaint*

The plaintiff filed inmate complaint OSCI-2015-20317, in which he complained about someone opening his legal mail on October 7 and 26, 2015. Dkt. No. 27 ¶2; Dkt. No. 30-1 at 16. Someone had stamped each envelope with the following notice: "As noted in the Inmate Handbook – All Mail Addressed to PO Box 3530 will be opened & Distributed by Administration. **Reminder: Inmate Mail Should be Addressed to PO Box 3310." Dkt. No. 30-1 at 28-34. The plaintiff stated in his inmate complaint that this reasoning was "a poor excuse to open up legal mail." Id. at 16.

On October 30, 2015, the inmate complaint examiner (ICE) told the plaintiff to "[p]lease send envelope in question for ICE review by placing in ICE

lockbox. It will be copied and returned to you." Dkt. No. 27 at ¶3; Dkt. No. 30-1 at 5. A month later, the ICE recommended dismissing the complaint because the plaintiff did not provide the envelope as instructed, and without that information, the ICE stated that she was "left to speculate if staff improperly opened clearly identifiable legal mail." Dkt. No. 30-1 at 6. The reviewing authority dismissed the complaint. Dkt. No. 27 at ¶5.

The plaintiff appealed the complaint to the corrections complaint examiner (CCE). Id. at ¶6. The plaintiff stated that he *had* sent a copy of the envelope, but that the ICE had not answered him. Id. The CCE recommended dismissing the appeal because the plaintiff had not provided any evidence supporting his claim. Id. at ¶7. The CCE explained that, if the plaintiff had sent a copy of the envelope as he claimed, he would have included another copy in support of his appeal. Id. On June 23, 2016, the Office of Secretary agreed with the CCE's reasoning and dismissed the appeal as the final decision of the Secretary. Id. at ¶8.

    2.  *The Plaintiff's Second Inmate Complaint*

In mid-February 2016, the plaintiff filed inmate complaint OCI-2016-3281, again complaining that someone had opened his legal mail without him being present. Dkt. No. 30-1 at 26. He explained that "this has been an ongoing issue since September 24, 2015." Id. As before, the ICE directed the plaintiff to provide the envelope for review. Dkt. No. 27 at ¶10.

On April 11, 2016, the ICE, not having received the envelope, recommended the complaint be dismissed because, "[w]ithout the evidence,

3

ICE is left to speculate if staff improperly opened clearly identifiable legal mail." Dkt. No. 27 at ¶11. The deputy warden agreed with the recommendation and dismissed the complaint. Id. The plaintiff did not appeal the dismissal. Id.

  B. The Exhaustion Requirement

  The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. According to the PLRA, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). Various important policy goals give rise to the rule requiring administrative exhaustion, including restricting frivolous claims, giving prison officials the opportunity to address situations internally, giving the parties the opportunity to develop the factual record, and reducing the scope of litigation. Smith v. Zachary, 255 F.3d 446, 450-51 (7th Cir. 2001).

  When filing an inmate complaint, an inmate must clearly identify the issue he wants to raise, including issues relating to rules, living conditions, staff actions affecting institution environment and civil rights. Wis. Admin. Code §§DOC 310.09(1)(e), 310.08(1). An inmate also must follow whatever instructions he receives regarding the time, place and manner in which he pursues his inmate complaint. See Cannon v. Washington, 418 F.3d 714, 718 (7th Cir. 2005); Carlton v. Dodge Corr. Inst., Case No.12-cv-695-WMC, 2014 WL 4186796, at *5 (W.D. Wis. Aug. 21, 2014) (dismissing claim on exhaustion

4

grounds because the ICE had given inmate "instructions on how to proceed and [the inmate] ignored or improperly followed those instructions").

If a court determines that an inmate failed to complete any step in the exhaustion process prior to filing a lawsuit, the court must dismiss the plaintiff's complaint. Perez v. Wis. Dept. of Corrs., 182 F.3d 532, 535 (7th Cir. 1999) ("[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits.").

    C.    The Court's Analysis

Regarding the plaintiff's first inmate complaint, the defendant asserts that the plaintiff did not follow the ICE's instructions to send her the envelope for the legal mail that someone had allegedly opened outside of his presence. The defendant argues that, because the plaintiff failed to follow the ICE's instructions, he did not exhaust his administrative remedies and the court must dismiss his case. The plaintiff asserts that he *did* submit a copy of the envelope, but that the ICE never responded.

"Exhaustion is an affirmative defense, and the burden of proof is on the defendant[]." Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006). This means that the court will grant the defendant's motion only if she provides evidence proving her assertion that the plaintiff did not follow the ICE's instructions. She provides no such evidence. The evidence she provides establishes only that the ICE did not *receive* a copy of the envelope. It is possible that the plaintiff sent a copy of an envelope as instructed *and* that the ICE never received the

5

envelope. People misplace papers all the time. The fact that the copy did not make it into the hands of the ICE does not necessarily prove that the plaintiff did not place the copy in the lockbox as instructed. Without evidence disproving the plaintiff's assertion that he submitted a copy of the envelope, the defendant cannot meet her burden. The court finds that the defendant has not established that the plaintiff failed to exhaust the available administrative remedies as to his first inmate complaint.

    The court finds, however, that the defendant has proven that plaintiff did not exhaust the available administrative remedies as to his second inmate complaint. The defendant asserts that the plaintiff did not appeal the denial of his second inmate complaint, and the plaintiff offers no evidence to dispute this assertion. Because the plaintiff did not complete every step in the exhaustion process for his second inmate complaint, the court finds that he did not exhaust the available administrative remedies as to that inmate complaint.

    The defendant appears to have anticipated that this would be the court's decision. She argues, "If the Court does not dismiss Meek's lawsuit based on his failure to follow the ICE's directive, it should nevertheless dismiss all of the claims other than the ones contained in [his first inmate complaint]." Dkt. No. 26 at 9. The defendant explains that the plaintiff's federal complaint alleges that the defendant opened his legal mail outside his presence on seven occasions, but his first inmate complaint specifies only two occasions—one on October 7, 2015, and one on October 26, 2015. Id. The defendant argues that the plaintiff did not raise "vaguer claims of his mail being opened outside his

presence" until his second inmate complaint, which the plaintiff did not exhaust.

The Seventh Circuit has explained that "prisoners need not file multiple, successive grievances raising the same issue (such as prison conditions or policies) if the objectionable condition is continuing." Turley v. Rednour, 729 F.3d 645, 650 (7th Cir. 2013) (citations omitted). It clarifies that, "[s]eparate complaints about particular incidents are only required if the underlying facts or the complaints are different." Id. (citations omitted).

While the defendant is correct that the plaintiff talked about only two incidents in his first inmate complaint, he also generally complained about the policy that allows staff to open an inmate's legal mail if the mail is sent to PO Box 3530 rather than PO Box 3310. Dkt. No. 30-1 at 16. All seven of the envelopes at issue in this case have that notice stamped on them. Dkt. No. 30-1 at 28-34. The court finds that the plaintiff's first inmate complaint provided his institution "with notice of, and an opportunity to correct, a problem," and that the plaintiff's initial inmate complaint was sufficient to exhaust all of the incidents at issue in this case.

The court will deny the defendant's motion for summary judgment on exhaustion grounds.

## II.     The Plaintiff's Motion For Appointment of Counsel (Dkt. No. 32)

The plaintiff has asked the court to recruit a lawyer to represent him on a volunteer basis. Dkt. No. 30. The plaintiff asserts that he is unable to represent himself because he is mentally ill and heavily medicated.

In a civil case, the court has the discretion to recruit a lawyer for individuals unable to afford one. Navejar v. Iyola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866-67 (7th Cir. 2013). First, the plaintiff must make reasonable efforts to hire a lawyer on his own. Pruitt v. Mote, 503 F.3d 647, 653 (7th Cir. 2007). Generally, in this district, a plaintiff must contact at least three lawyers and ask them to represent him. The plaintiff must also give the court evidence that he contacted the lawyers. For example, he can tell the court the names of the lawyers he contacted and when he contacted them; he can also send the court copies of the letters he mailed to the lawyers or copies of the responses he received from the lawyers.

After the plaintiff demonstrates that he has made those efforts, the court must decide "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." Navejar, 718 F.3d at 696 (citing Pruitt, 503 F.3d at 655). The court looks, not only at a plaintiff's ability to try his case, but also at his ability to perform other "tasks that normally attend litigation," such as "evidence gathering" and "preparing and responding to motions." Id. "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyering willing and able to volunteer for these cases.'" Henderson v. Ghosh, 755 F.3d 559, 564 (7th Cir. 2014) (quoting Olson v. Morgan, 750 F.3d 708, 711 (7th Cir. 2014)).

The plaintiff has not provided the court with evidence showing that he has tried to find a lawyer on his own. The court will deny the plaintiff's motion on this basis.

Even if the plaintiff had shown that he has made reasonable efforts to hire a lawyer on his own, the court still would have denied his motion. The plaintiff explains that he suffers from mental health issues for which he is medicated. Unfortunately, his situation is not unique; many prisoner plaintiffs face similar challenges, which is why suffering from mental health issues is not enough on its own to require that the court recruit a lawyer.

The issues in this case are not complex, and based on the record so far, the court believes that the plaintiff has a good grasp of the issues and the relevant case law. See Dkt. No. 30-1 at 16-18, 26-27. The plaintiff also appears to have obtained documents through discovery to support his claims. The court believes that the plaintiff is capable of representing himself at this time.

The court will allow the parties to file summary judgment motions if either of them choose to do so. The court notes that plaintiffs generally do not file summary judgment motions (although this does not mean that they can't); usually only defendants do that. If the defendant chooses to file a summary judgment motion on the merits, the plaintiff will have to respond to the defendant's legal brief and each of her proposed statements of fact. As to the proposed statements of fact, the plaintiff should indicate whether he agrees with a proposed fact or whether he disagrees with a proposed fact. If the plaintiff disagrees, he must explain why he disagrees and provide evidence to

support his reasons for disagreeing. As far as evidence, the plaintiff can refer to a document or business record, an interrogatory response he obtained in discovery, or statements that he makes in an affidavit or unsworn declaration under 28 U.S.C. §1746[1].

In short, the court believes that the plaintiff is capable of responding to a motion for summary judgment on the merits. The court also understands that doing this can be time-consuming, so if either party needs additional time to comply with a deadline, that party should ask the court for more time and specify how much time the party needs and why the extra time is necessary.

## III. Conclusion

The court **DENIES** the defendant's motion for summary judgment on exhaustion grounds. Dkt. No. 25. As ordered in the court's April 23, 2018 text-only order, if either party wants to file a motion for summary judgment on the merits, it must do so within **forty-five days** after the date of this order.

The court **DENIES without prejudice** the plaintiff's motion for counsel. Dkt. No. 30.

Dated in Milwaukee, Wisconsin, this 28th day of August, 2018.

BY THE COURT:

**HON. PAMELA PEPPER**
**United States District Judge**

---

[1] At the end of the declaration, the plaintiff should write: "I declare under penalty of perjury that the foregoing is true and correct. Executed on [date]. [Signature]." 28 U.S.C. §1746(2).