UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JERRY J. MEEKS,

                Plaintiff,

v.                                           Case No. 17-cv-604-pp

JUDY P. SMITH,

                Defendant.

---

**ORDER DENYING PLAINTIFF'S MOTION FOR LEGAL LOAN (DKT. NO. 41), GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DKT. NO. 35) AND DISMISSING CASE**

---

The plaintiff, a state prisoner who is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that defendant Judy Smith violated his constitutional rights when she opened his legal mail outside of his presence. Dkt. No. 1. The defendant filed a motion for summary judgment, which is fully briefed.[1] Dkt. Nos. 35, 42, 45. The court will grant the defendant's motion and dismiss the case.

I.     **Relevant Facts[2]**

On July 31, 2017, U.S. District Judge Lynn Adelman, the judge who screened the plaintiff's complaint, allowed the plaintiff to proceed against the

---

[1] The plaintiff filed a sur-reply in response to the defendant's reply brief. Dkt. No. 46. The rules do not allow for the filing of sur-replies. See Civ. L.R. 56; Fed. R. Civ. P. 56. Because the plaintiff did not obtain the court's permission before filing his sur-reply, the court did not consider that filing when making its decision.
[2] The court takes the facts from "Defendant's Proposed Findings of Fact," dkt. no. 37, and "Plaintiff Response to the Defendant Proposed Findings of Fact," dkt. no. 44. The facts are undisputed unless the court notes otherwise.

defendant based on allegations that the defendant violated the plaintiff's constitutional rights when she opened his legal mail outside of his presence on seven occasions. Dkt. No. 15. According to the plaintiff, the mail related to on-going litigation (Meeks v. Feldner, Case No. 14-cv-850 (E.D. Wis.)) and included letters from the U.S. District Court for the Eastern District of Wisconsin (dkt. no. 30-1 at 28, 30-31), the Wisconsin Department of Justice (dkt. no. 30-1 at 29, 32-33) and the Office of Corporation Counsel for Winnebago County (dkt. no. 30-1 at 34). Dkt. No. 44 at ¶ 2.

## II.    The Court's Analysis

The plaintiff argues that the court should apply a bright-line rule that would prohibit prison officials from opening any legal mail outside of an inmate's presence. The law in this circuit does not support the plaintiff's argument.

The most recent case addressing the issue is Guajardo-Palma v. Martinson, 622 F.3d 801 (2010). The Seventh Circuit explained that the constitutional right implicated when prison officials open legal mail outside of an inmate's presence is the inmate's right to access the courts, which arises under the Fourteenth Amendment. Id. at 802-03. A plaintiff who asserts that he was denied access to the courts in violation of the Fourteenth Amendment must show that the alleged misconduct "hindered [the prisoner's] efforts to pursue a legal claim." Id. at 805 (quoting Lewis v. Casey, 518 U.S. 343, 351 (1996)). The Seventh Circuit held that proof of a practice of reading an inmate's

2

legal mail outside of his presence will generally be sufficient to demonstrate hindrance. Id.

The Seventh Circuit clarified, however, that the practice of opening publicly available or non-sensitive legal mail (*i.e.,* legal mail that does not give prison officials an edge in litigation) does *not* give rise to an access-to-the-courts claim. Guajardo-Palma, 622 F.3d at 806. Such a practice is harmless because mail of that nature does not impact an inmate's ability to pursue a legal claim and therefore does not implicate his right to access the courts. Id.

The plaintiff identifies seven letters that he says the defendant opened outside of his presence. Three of the letters were from the court and four were from agencies. None of the letters were from his attorney. To succeed on his claim, the plaintiff must provide evidence from which a jury could reasonably conclude that the defendant's opening or reading of those letters hindered his ability to pursue a legal claim. The plaintiff has not provided such evidence.

The plaintiff provided seven envelopes with return addresses indicating who the letters were from and numbers for the cases to which his says the letters related. Dkt. No. 30-1 at 16, 28-34. The plaintiff did not provide the letters that were in the envelopes, nor did he describe the contents of those letters. As explained in Guajardo-Palma, the mere fact that a prison official opens mail from a court or agency outside of an inmate's presence is insufficient to prevail on an access-to-the-courts claim. This is because, if an official reads mail from a court or agency that is publicly available and/or non-

sensitive in nature, the reader would gain no insight into an inmate's legal strategy, rendering any potential violation harmless.

Because the plaintiff provides no evidence about the contents of the mail the defendant allegedly read, no jury could reasonably conclude that the defendant gained an unfair advantage by reading the letters or hindered the plaintiff's ability to pursue his claim. Accordingly, the defendant is entitled to summary judgment. Guajardo-Palma, 622 F.3d at 806; see Arnett v. Webster, 658 F.3d 742, 760 (7th Cir. 2011); Johnson v. Cambridge Indus., Inc., 325 F.3d 892, 901 (7th Cir. 2003) ("[S]ummary judgment is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events.") (internal quotation marks omitted).

Although the court did not consider the plaintiff's sur-reply in reaching its decision, the court notes that the plaintiff makes much of the fact that DOC policy 309.04.01 appears to require that letters such as the ones in this case be opened in the presence of inmates. Dkt. No. 46; Dkt. No. 39-1 at 1, 6. In Guajardo-Palma, however, the Seventh Circuit explained that "[A] violation of state law is not a ground for a federal rights suit." 622 F.3d at 806. While the defendant may have violated DOC policy (the court offers no opinion on this point), she did not violate the Constitution, and this federal court can grant relief only if the defendant violated the Constitution.

Finally, on November 14, 2018, the plaintiff filed a motion asking the court to order the defendant to give him a legal loan. Dkt. No. 41. A plaintiff

does not have a constitutional entitlement to a subsidy to prosecute his lawsuits. Lindell v. McCallum, 352 F.3d 1107, 1111 (7th Cir. 2003) (citing Lewis v. Sullivan, 279 F.3d 526, 528 (7th Cir. 2002)). The Seventh Circuit has explained that an institution's provision of legal loans "is a matter strictly between [a prisoner] and Wisconsin, and not any business of the federal courts." Lindell, 352 F.3d at 1111. In any event, the plaintiff's access to the court does not appear to have been impacted by the lack of a legal loan. After he filed his motion, he filed a brief in opposition to the defendant's motion for summary judgment, dkt. no. 42, a declaration, dkt. no. 43, a response to the defendant's proposed findings of fact, dkt. no. 44 and a sur-reply, dkt. no. 46. The court will deny the motion.

**III.    Conclusion**

The court **GRANTS** the defendant's motion for summary judgment. Dkt. No. 35.

The court **DENIES** the plaintiff's motion for a legal loan. Dkt. No. 41.

The court **DISMISSES** this case and will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. See Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The court cannot extend this deadline. <u>See</u> Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. <u>See</u> Federal Rule of Civil Procedure 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case

Dated in Milwaukee, Wisconsin, this 3rd day of April, 2019.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**