UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JERRY J. MEEKS,

                Plaintiff,

v.                                                      Case No. 17-cv-604-pp

JUDY SMITH,

                Defendant.

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (DKT NO. 55)**

On April 3, 2019, the court granted the defendant's motion for summary judgment and dismissed the case. Dkt. No. 47, 48. A few weeks later, the plaintiff filed a notice of appeal. Dkt. No. 50. On June 6, 2019, the Court of Appeals for the Seventh Circuit dismissed the appeal because the plaintiff had failed to pay the required docketing fee. Dkt. No. 54. The plaintiff has filed a motion for relief from judgment under Federal Rule of Civil Procedure 60(b), dkt. no. 55, and a motion to amend/supplement that motion for relief from judgment, dkt. no. 57. The plaintiff's motion to amend/supplement does not provide any new information that should be considered by the court and the court will deny it.

Rule 60(b) allows a court to relieve a party from a final judgment for the following reasons:

    (1)    mistake, inadvertence, surprise, or excusable neglect;
    (2)    newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3)     fraud . . . , misrepresentation, or misconduct by an opposing party;
(4)     the judgment is void;
(5)     the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6)     any other reason that justifies relief.

Section 60(b)(1) allows a court to remedy its own mistakes. Mendez v. Republic Bank, 725 F.3d 651, 660 (7th Cir. 2013). The plaintiff argues that the court was incorrect to decide his claim under the Fourteenth Amendment. Dkt. No. 55. He points out that when U.S. District Judge Lynn Adelman screened his complaint, Judge Adelman stated that his claim arose under the First Amendment, not the Fourteenth Amendment. Id.

This court reached its decision based on Guajardo-Palma v. Martinson, 622 F.3d 801 (2010), in which the Seventh Circuit analyzed the issue of prison officials opening a prisoner's legal mail outside of his presence. Guajardo-Palma acknowledged that a number of cases characterize the reading of mail in pending litigation as infringing the right of free speech rather than or in addition to the right of access to the courts; however, the Seventh Circuit found that it was more appropriate to analyze the issue as infringing on a prisoner's right to access the courts or to have a fair hearing—rights that arise under the Fourteenth Amendment. Id. at 802.

In discussing facts that were nearly identical to the plaintiff's case, the Seventh Circuit explained that, "as long as the prison confines itself to opening letters that either are public or if private still are not of a nature that would give the reader insights into the prisoner's legal strategy, the practice is

2

harmless and may be justified by the volume of such mail that a litigious prisoner can generate." Id. at 806. It was not a mistake for this court to rely on that reasoning to make its decision. There is no mistake for this court to correct under Rule 60(b)(1).

The plaintiff has not presented newly discovered evidence, so Rule 60(b)(2) does not afford him relief. He does not allege that the defendants obtained the judgment by fraud, misrepresentation or misconduct, so he is not entitled to relief under Rule 60(b)(3). The judgment is not void, nor has it been satisfied, so subsections (b)(4) and (b)(5) are not applicable. Finally, the subsection (b)(6) "any other reason" "catch-all category is limited to 'extraordinary circumstances . . . .'" Id. at 657 (quoting Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 863-64 (1988)). The plaintiff has not presented extraordinary circumstances.

The court **DENIES** the plaintiff's motion for relief from judgment under Rule 60(b). Dkt. No. 55.

The court **DENIES** the plaintiff's motion to amend/correct his motion for reconsideration. Dkt. No. 57.

Dated in Milwaukee, Wisconsin, this 29th day of January, 2020.

                                        **BY THE COURT:**

                                        **HON. PAMELA PEPPER**
                                        **Chief United States District Judge**